UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-348-F

| | |
|---|---|
| LESLIE HOLDEN,<br>　　　　　Plaintiff,<br><br>　　v.<br><br>RALEIGH RESTAURANT CONCEPTS,<br>INC.<br>　　　　　Defendant. | ORDER |

This matter is before the court on Defendant's Motion to Dismiss and/or to Stay and to Compel Arbitration and Motion to Dismiss all Class and Collective Action Allegations [DE-7]. Plaintiff filed a response [DE-10], to which Defendant replied [DE-11]. Additionally, Plaintiff has filed a Motion for Leave fo File Sur-Reply [DE-12]. Defendant has filed a Response to Plaintiff's Motion for Leave [DE-15]. For reasons for fully stated below, the Defendant's Motion to Dismiss and/or to Stay and to Compel Arbitration and Motion to Dismiss all Class and Collective Action Allegations is ALLOWED in part and DENIED in part. Plaintiff's Motion for Leave to File Sur-Reply is DENIED.

## I. STATEMENT OF THE CASE

Plaintiff Leslie Holden ("Holden") filed the instant collective and class action on June 13, 2014, alleging that Defendant Raleigh Restaurant Concepts, Inc. ("RRC") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§ 95-25.1, et seq. Compl. [DE-1] ¶ 1.

RRC operates a gentlemen's club under the trade name "The Men's Club of Raleigh"

("Men's Club"), where Holden worked as an exotic dancer. Compl. ¶¶ 2-3. Holden and RRC executed an "Entertainment Lease" ("agreement") which states that the parties' business relationship is that of landlord and tenant, rather than employer and employee. Pl.'s Response in Opp., Ex. 1 [DE-10-1] ¶ 12. Holden claims that RRC misclassified her and the members of the putative class as independent contractors rather than employees, resulting in violations of statutory minimum wage and overtime requirements. Compl. ¶ 17.

The parties' agreement contains an arbitration clause which states that "any and all controversies between the entertainer and club . . . shall be exclusively decided by binding arbitration . . . ." Pl.'s Response in Opp., Ex. 1 [DE-10-1] ¶ 21. The agreement also purports to waive Holden's right to initiate or join a class or collective action against the Men's Club. *Id.* Based on these provisions of the agreement, RRC argues that "arbitration is the proper and exclusive forum for resolving [this] dispute[]." Def.'s Mot. to Dismiss [DE-7] at 1. RRC urges the court to dismiss or, alternatively, stay Holden's individual claims and compel arbitration, and to "dismiss, with prejudice, the class and collective allegations from the Complaint as the party's [sic] agreement contains an unambiguous class and collective action waiver." *Id.* Holden, in turn, contends that the arbitration clause is unenforceable and that the class and collective action waiver "is invalid under the law." Pl.'s Response in Opp. [DE-10] at 3, 15.

## II. ANALYSIS

### A. Holden's Motion to File a Sur-Reply

At the outset, the court considers Holden's Motion to File a Sur-Reply [DE-12]. She states that a sur-reply is necessary in order to further explain how the parties' "arbitration agreement operates to establish a contractual set-off" and to "provide additional commentary" on the Fourth

Circuit's unconscionability analysis. *Id.* at 2. RRC, in turn, argues that Holden's "Motion is improper and in violation of the Local Rules of this Court." Def.'s Resp. in Opp. [DE-15] at 1.

The Local Civil Rules for the Eastern District of North Carolina only allow for the filing of a motion, a response to a motion, and a reply. *See* Local Civil Rule 7.1; *Freeman v. City of Fayetteville*, 971 F. Supp. 971, 973 n.1 (E.D.N.C. 1997) ("The Local Rules of this court do not allow for the submission of sur-replies."). Accordingly, courts generally allow a party to file a sur-reply "only when fairness dictates based on new arguments raised in the previous reply." *DiPaulo v. Potter*, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010).

Holden does not seek to file a sur-reply in response to new arguments raised by RRC in its reply. Rather, she requests leave in order "to provide full briefing to the Court so that it can make an informed decision." Mot. to File Sur-Reply [DE-12] at 3. Holden may not file a sur-reply merely to supply the court with additional explanation and commentary. Therefore, her Motion to File a Sur-Reply is denied.

**B.    RRC's Motion to Compel Arbitration**

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, reflects a liberal policy in favor of arbitration agreements. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). The Act requires a court to stay an action and compel arbitration "upon being satisfied that the issue involved . . . is referable to arbitration under [an agreement in writing]." *Id.* § 3. "A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (citing *United States v. Bankers Ins. Co.*, 245 F.3d 315, 319 (4th Cir. 2001)).

3

A party can compel arbitration by showing:

(1) the existence of a dispute between the parties;
(2) a written agreement that includes an arbitration provision which purports to cover the dispute;
(3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce; and
4) the failure, neglect or refusal of [a party] to arbitrate the dispute.

*Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991). The opposing party "may seek revocation of an arbitration agreement 'upon such grounds as exist at law or in equity for the revocation of any contract,' including 'generally applicable contract defenses, such as fraud, duress, or unconscionability . . . .'" *AT&T Mobility v. Concepcion*, ___ U.S. ___ 131 S. Ct. 1740, 1746 (2011) (internal citations omitted).

Holden does not contend that RRC has failed to establish any of the four elements for compelling arbitration outlined above. Rather, she argues that the arbitration provision is unenforceable because 1) its terms are unconscionable; 2) it seeks to strip her of substantive rights that the FLSA provides; and 3) RRC has breached its covenant of good faith. Pl.'s Response in Opp. [DE-10] at 3. Each of Holden's arguments is premised upon her contention that the arbitration agreement "prevents the Arbitrator from rendering a decision adverse to Defendant." *Id.* at 8. Holden's arguments are unpersuasive for several reasons.

First, Holden's assertion that the agreement prevents the arbitrator from finding in her favor is false. A central dispute in this case is whether "entertainment fees" that patrons paid to dancers are properly characterized as "service fees" — which would be property of the club — or "tips" — which would be property of the dancers. *Id.* Paragraphs 12 and 19 of the agreement contain provisions which state that if a judge or arbitrator determines that the parties' business relationship

is that of employer-employee, then "all entertainment fees would, both contractually and as a matter of law, be the property of the Club and would not be the property of the Entertainer." Decl. of Brett Amack, Ex. C [DE-8-2] ¶¶ 12, 19. However, in arbitration, Holden will have the opportunity to argue that these provisions are unlawful under the FLSA, as it is within the province of the arbitrator to make such a finding. *See Preston v. Ferrer*, 552 U.S. 346, 353 (2008) ("[A]ttacks on the validity of [a] contract . . . are within the arbitrator's ken.").

Further, the arbitration agreement itself states that the arbitrator "shall be permitted to award, subject only to the restrictions contained in [the arbitration provision], any relief available in a court." Decl. of Brett Amack, Ex. C [DE-8-2] ¶ 21. Holden argues that the arbitration provision limits what relief the arbitrator can award her by incorporating paragraphs 12 and 19 of the agreement. Pl.'s Response in Opp. [DE-10] at 6-8. Although the arbitration provision states that the rules of the American Arbitration Association will govern "*except as expressly or implicitly modified by [the parties'] agreement*," the court does not read this language as incorporating other potentially unlawful provisions of the contract into the arbitration agreement, thereby binding the hands of the arbitrator. *Id.* (emphasis added). Consequently, the premise upon which Holden bases her arguments is faulty.

Second, Holden does not challenge the arbitration provision itself. The Supreme Court has stated that "a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70 (2010). "A party challenging the enforceability of an arbitration clause . . . must rely on grounds that 'relate specifically to the arbitration clause and not just to the contract as a whole.'" *Muriithi v. Shuttle Express, Inc.*, 712 F.3d 173, 183 (4th Cir. 2013) (internal citations

5

omitted). In the case at hand, Holden argues that the arbitration provision is unenforceable by pointing to other provisions of the contract. Namely, she challenges the validity of paragraphs 12B, 12C, and 19 of the agreement which relate to "entertainment fees" and whether such fees are the rightful property of the entertainers or the Men's Club. Pl.'s Response in Opp. [DE-10] at 6-8. Holden's challenges to these contract provisions, which are separate from the arbitration provision, must be submitted to an arbitrator.[1] *See Jeske v. Brooks*, 875 F.2d 71, 75 (4th Cir. 1989) ("Because the alleged defects pertain to the entire contract, rather than specifically to the arbitration clause, they are properly left to the arbitrator for resolution.").

Lastly, with regard to Holden's unconscionability argument, she has failed to allege that the arbitration agreement is both procedurally and substantively unconscionable. *See Tillman v. Commercial Credit Loans, Inc.*, 362 N.C. 93, 102, 655 S.E.2d 362, 370 (2008) ("A party asserting that a contract is unconscionable must prove both procedural and substantive unconscionability."). Substantive unconscionability refers to one-sided contract terms, while procedural unconscionability "involves 'bargaining naughtiness' in the form of unfair surprise, lack of meaningful choice, and an inequality of bargaining power." *Id.* (internal citations omitted). Holden has presented no evidence of "bargaining naughtiness." In fact, as RRC notes, Holden on three different occasions signed contracts that contained this arbitration provision, the last of which occurred after this suit was filed when she was represented by counsel. Reply [DE-11] at 3. Moreover, the arbitration provision is prominently displayed in bold and capitalized font, suggesting that Holden was not subject to unfair surprise. Decl. of Brett Amack, Ex. C [DE-8-2] ¶ 21. Thus, Holden's unconscionability argument

---

[1] As indicated above, the court does not read the arbitration clause to incorporate the separate contract clauses at issue in such a way that would prohibit the arbitrator from finding the terms of those clauses to be unlawful.

6

is unavailing.

Based on the above analysis, the court will compel arbitration. However, the Fourth Circuit has not conclusively decided whether a stay or dismissal for lack of subject matter jurisdiction is proper when a dispute is subject to arbitration. *See Aggarao v. MOL Ship Mgmt. Co., Ltd.*, 675 F.3d 355, 376 n.18 (4th Cir. 2012); *Bayer CropScience AG v. Dow AgroSciences LLC*, No. 2:12CV47, 2012 WL 2878495, at *7-8 (E.D. Va. July 13, 2012) (outlining conflicting Fourth Circuit precedent on the issue). While recognizing the disparate approaches the Fourth Circuit has taken on this issue, the court finds that RRC has failed to demonstrate why the arbitration clause, which is a contractual arrangement between the parties, divests this court of subject matter jurisdiction. *See DiMercurio v. Sphere Drake Ins., PLC*, 202 F.3d 71, 76 (1st Cir. 2000) ("Agreements to arbitrate are now typically viewed as contractual arrangements for resolving disputes rather than as an appropriation of a court's jurisdiction."). Thus, pursuant to § 3 of the FAA, the court will stay this matter pending arbitration.

## C. RRC's Motion to Dismiss the Class and Collective Action Claims

RRC urges the court to dismiss Holden's class and collective action allegations based on the class and collective action waivers that are included in the parties' arbitration agreement. Mem. in Support of Mot. to Dismiss [DE-8] at 2. Holden responds that the waivers are unlawful, and points to Sixth Circuit precedent in support of her argument. Pl.'s Response in Opp. [DE-10] at 15.

Whether a party may pursue a class or collective action is a question for the arbitrator. *See Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452-53 (2003) (plurality opinion). This issue "concerns neither the validity of the arbitration clause nor its applicability to the underlying dispute between the parties." *Id.* at 452. "Rather [it concerns] what kind of arbitration proceeding the

7

Case 5:14-cv-00348-F Document 16 Filed 11/20/14 Page 7 of 8

parties agreed to." *Id.* at 453. Answering this question involves "contract interpretation and arbitration procedures [which] [a]rbitrators are well suited to answer ...." *Id.* The Fourth Circuit appears to be in step with this reasoning, having stated that "the issue of whether [a] collective action waiver is unconscionable must be decided in arbitration." *Davis v. ECPI Coll. of Tech., L.C.*, 227 F.App'x 250, 251 (4th Cir. 2007) (unpublished).

The court concludes that the issue of whether Holden may properly bring class or collective action claims should be determined by the arbitrator. Accordingly, RRC's Motion to Dismiss the Class and Collective Action Claims is denied without prejudice.

### III. CONCLUSION

Based on the foregoing, RRC's Motion to Dismiss and/or to Stay and to Compel Arbitration and Motion to Dismiss all Class and Collective Action Allegations [DE-7] is ALLOWED in part and DENIED in part. To the extent the Motion seeks to compel arbitration, the Motion is ALLOWED and this proceeding will be STAYED pending arbitration. The parties are DIRECTED to submit a status report of the arbitration proceedings no later than 90 days from the filing date of this order, and every 90 days thereafter, until such proceedings are concluded. To the extent the Motion seeks to dismiss all class and collective action allegations, the Motion is DENIED without prejudice. Additionally, Holden's Motion for Leave fo File Sur-Reply [DE-12] is DENIED.

SO ORDERED.

This the 20 day of November, 2014.

*James C. Fox*
James C. Fox
Senior United States District Judge